942 F.2d 790
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ALLIANCE OF MOTION PICTURE & TELEVISION PRODUCERS, Plaintiff-Appellant,
v.
SCREEN ACTORS GUILD, INC., Defendant-Appellee.
 No. 90-56008.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 16, 1991.*
Decided Aug. 29, 1991.
 
 1
 Before WILLIAM A. NORRIS and DAVID R. THOMPSON, Circuit Judges and KING, District Judge*
 
 
 2
 MEMORANDUM**
 
 
 3
 The Alliance of Motion Picture & Television Producers ("AMPTP") appeals the district court's dismissal of its complaint against the Screen Actors Guild, Inc. ("SAG") for breach of a collective bargaining agreement. The district court determined that an arbitrator should decide whether the dispute was arbitrable and referred the dispute to arbitration. This was erroneous because a court, and not an arbitrator, must determine if a collective bargaining agreement creates a duty to arbitrate the dispute. AT & T Technologies, Inc. v. Communications Workers, 475 U.S. 643, 649 (1986). We, nevertheless, affirm because we conclude the dispute is subject to arbitration. Marino v. Vasquez, 812 F.2d 499, 508 (9th Cir.1987) (appellate court may affirm district court's dismissal on any ground supported by record).
 
 
 4
 The collective bargaining agreement indicates the parties intended this particular dispute to be subject to arbitration. AMPTP alleges SAG breached subsection 2(H) of the collective bargaining agreement. Subsection 2(K) of the agreement provides that disputes under section 2, of which subsection 2(H) is a part, are subject to the arbitration section of the agreement. Section 9 is the arbitration section and explains which disputes are subject to arbitration. Subsection 9(D) provides "All disputes between the Union and a Producer as to the interpretation of this collective bargaining agreement shall be arbitrable." This dispute is between the Union and a Producer. Thus, we conclude the collective bargaining agreement requires arbitration of the dispute. We, therefore, affirm the district court's referral of the dispute to arbitration.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Court Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3